United States District Court
Southern District of Texas
ENTERED
November 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TAHA BERENJIAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-2685 |
| | § | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al*; | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

Pending before the Court are Plaintiff Taha Berenjian's ("Berenjian" or "Plaintiff") Motion for Supplemental Relief and Retention of Jurisdiction, (Doc. No. 10), and Defendants United States Citizenship and Immigration Services, United States Department of Homeland Security, the directors of each of the above departments, in their official capacity, and the Attorney General of the United States, in their official capacity's (collectively "Defendants") Motion to Dismiss for Mootness. (Doc. No. 11). Berenjian has responded in opposition to Defendants' Motion, (Doc. No. 12), and Defendants have replied in support of their Motion. (Doc. No. 13). After considering the motions and the law, the Court hereby **GRANTS** Defendants' Motion to Dismiss, and **DENIES** Berenjian's Motion for Supplemental Relief and Retention of Jurisdiction.

## I. Background

This case arises out of a dispute over the processing of an H-1B Petition filed by Spring Independent School District ("Spring ISD") on Plaintiff's behalf. The parties do not dispute the basic facts. On December 18, 2025, Spring ISD filed the H-1B Petition, along with a Request for Premium Processing Service, which was filed two days later on December 20, 2025. Under 8 C.F.R. § 106.4(e), the processing timeframe under a request for premium processing is fifteen

business days. On January 7, 2026, USCIS issued a Request for Evidence, which Plaintiff responded to on February 12, 2026. Then, on April 3, 2026, Plaintiff—acting *pro se*—filed this suit, requesting a writ of mandamus ordering USCIS to adjudicate the petition. On April 27, 2026, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the Court ordered Defendants to respond to by May 6, 2026. On the response date, Defendants filed a notice that the underlying petition had been adjudicated.

Defendants have now moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that—in light of the adjudication of the H-1B petition—Plaintiff's original claim is moot and that Plaintiff's new claims fail as a matter of law for various reasons. Plaintiff asks this Court to retain jurisdiction and seeks to add claims for (1) refund—to Spring ISD—of the fees associated with the Request for Premium Processing, (2) payment of litigation expenses, and (3) a declaration that the H-1B validity period be extended to account for Defendants' delay in processing it.

## II. Legal Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule

12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish Article III standing, "a plaintiff must show: (i) that [he] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560-61). "As the party invoking federal jurisdiction," Plaintiff "bear[s] the burden of demonstrating" standing to bring the claims alleged. *Id.* at 2207. To establish an injury in fact, a plaintiff "must show that he or she suffered 'an invasion of a legally protected interest'" that goes beyond "conjectural or hypothetical." *Spokeo, Inc. v. Roberts*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560).

There must be a live case or controversy at all stages of the litigation. *Local 1374, Jefferson Parish Firefighters Ass'n v. Roberts*, 182 F.4th 463, 466 (5th Cir. 2026). There ceases to be a case or controversy when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," or when "intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Id.* at 466–67 (citing *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013)). This is known as the doctrine of mootness. Mootness is a jurisdictional issue, and must be addressed before the merits. *Id.* at 467.

### B. Rule 12(b)(6)

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Defendants argue that Plaintiff's claim for a writ of mandamus ordering USCIS to adjudicate Plaintiff's H-1B Petition is now moot. Plaintiff, in response, essentially seeks to amend his petition to add claims for (1) refund—to Spring ISD—of the fees associated with the Request for Premium Processing, (2) payment of litigation expenses, and (3) a declaration that the H-1B

validity period be extended to account for Defendants' delay in processing it. (Doc. No. 10). Plaintiff then argues that, because these additional claims are 'live,' the Court should not dismiss this case. Defendants argue that: (1) Plaintiff did not seek leave to amend, and the new claims are thus improperly before the Court, and (2) each of these new claims fails as a matter of law, so amendment, even if allowed, would be futile. The Court will address each of Plaintiff's claims in turn, including the initial claim for a writ of mandamus.

**A. The claim for a writ of mandamus is moot**

Plaintiff's original claim seeking to compel USCIS to adjudicate his H-1B petition is now moot. The Fifth Circuit has "consistently found that a request for injunctive relief is moot when the event sought to be enjoined has occurred." *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 396 (5th Cir. 2000); *see also Pedrozo v. Clinton*, 610 F.Supp.2d 730, 734–35 (S.D. Tex. 2009) (finding action to compel processing of H-1B petition moot where petition had been processed). Plaintiff, perhaps recognizing this legal reality, does not argue otherwise. Instead, he seeks to add claims which he contends create a live case or controversy, as discussed above.

**B. Leave to amend would be futile**

As an initial matter, the Court construes Plaintiff's "Motion for Supplemental Relief and Retention of Jurisdiction," (Doc. No. 10). as a motion under Rule 15(a)(2) for leave to amend his complaint to add the claims detailed therein and set out above. *See Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) ("We also construe [*pro se*] filings liberally.").

Under Rule 15(a), the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend, however, is "in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). The Fifth Circuit has consistently

affirmed denials of motions to amend where the amendment would be futile. *Turner v. Pan. Am. Life Ins. Co.*, 478 F. App'x 915, 916 (5th Cir. 2012). Furthermore, "if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

Defendants argue that leave to amend would be futile because each of the new claims would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). The Court will thus consider each of the new claims—and whether any of those claims could withstand a motion to dismiss—in turn.

**1. Plaintiff lacks standing to seek a refund of the processing fee to Spring ISD**

First, Plaintiff seeks to add a claim for refund of the premium processing fee paid by Spring ISD to USCIS. Defendants argue that Plaintiff lacks standing to bring this claim because Plaintiff has not suffered a legally cognizable injury in fact. *See TransUnion LLC*, 594 U.S. at 423 (2021) (citing *Lujan*, 504 U.S. at 560-61). Plaintiff acknowledges that he has not personally suffered a financial loss. After all, Spring ISD paid the fee, and Plaintiff contends that Spring ISD is now entitled to a refund. In an attempt to create standing, Plaintiff argues that "he has a profound interest in ensuring the government does not unlawfully retain his employer's funds." (Doc. No. 12 at 7).

While Plaintiff's interest may be profound, it is not "a legally protected interest" as is required to show standing. *See Spokeo, Inc. v. Roberts*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560). That interest necessarily belongs to Spring ISD, the sponsor and the entity that paid the premium processing fee, as required by Title 8 C.F.R. § 106.4. That being the case, Plaintiff lacks standing to bring suit for a refund of the fee paid by Spring ISD. Amendment on this claim would, therefore, be futile.

**2. Plaintiff is not entitled to costs**

Next, Plaintiff seeks to add a claim for his litigation costs—specifically the filing fee in this case—under Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) provides that: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). At issue here is whether Plaintiff qualifies as a "prevailing party," such that he would be entitled to costs.

"The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties . . . ." *Sole v. Wyner*, 551 U.S. 74, 82 (2007). "Such a material alteration must have the 'necessary judicial *imprimatur*.'" *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). The Supreme Court in *Buckhannon* explicitly rejected the "catalyst theory," and held that "a defendant's voluntary change in conduct in response to the plaintiff's lawsuit and not a court order, although perhaps accomplishing what the plaintiff sought to achieve, lacks the necessary judicial *imprimatur* to establish prevailing party status." *Id.* (citing *Buckhannon*, 532 U.S. at 601, 605).

The Fifth Circuit has, to be sure, held that some forms of interim relief may be sufficient to confer prevailing party status when the defendant, in response to that relief, moots the case. *See id.*; *Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015). That being the case, the Fifth Circuit and the Supreme Court have made clear that "[a] plaintiff must receive at least some relief *on the merits* of his claim before he can be said to prevail." *Id.* (citing *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (emphasis in original)).

The only judicial relief that Plaintiff obtained in this case prior to Defendants action mooting the case was an order requiring Defendants to respond to Plaintiff's Emergency Motion

for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 8). That order in no way addressed the merits of Plaintiff's claims. That being the case, Plaintiff cannot satisfy the requirement that he have received some relief on the merits of his claims. Amendment on this claim would, therefore, be futile.

**3. The Court cannot extend H-1B validity period**

Finally, Plaintiff seeks to add a claim for "correction of validity period." (Doc. No. 10). Practically speaking, Plaintiff asks this Court to extend the validity period of the H-1B to make up for the time during which the application was being processed and Plaintiff could not work.[1] Title 8 C.F.R. § 214.2(h)(9)(ii)(B) directly addresses this situation:

> If a new H petition is approved after the date the petitioner indicates that the services or training will begin, the approved petition and approval notice *shall* show a validity period commencing with the date of approval and ending with the date requested by the petitioner, as long as that date does not exceed either the limits specified by paragraph (h)(9)(iii) of this section or other Service policy.

8 C.F.R. § 214.2(h)(9)(ii)(B) (emphasis added). Shall means shall. Plaintiff does not dispute that the approved petition—approved on May 6, 2026—shows a validity period ending on December 14, 2028; the date requested by Spring ISD (the petitioner) in its Labor Condition Application, which was originally filed on December 18, 2025. Plaintiff has not pointed to any authority tending to show that this Court has the authority to order Defendants to modify that approval/notice to exceed the period allowable by regulation. That being the case, Plaintiff cannot state a claim upon which relief could be granted. Amendment on this claim would, therefore, be futile.

---

1 The Court also notes that, in Plaintiff's response to Defendants' motion to dismiss, he describes the injury that forms the basis for this claim in financial terms: "it directly cost Plaintiff a half-year of public school salary;" "[plaintiff] was reduced to forced financial dependency." (Doc. No. 12 at 10). Plaintiff does not, however, assert a claim for damages, and the federal government has not waived sovereign immunity for suits against an agency for money damages. *See* 5 U.S.C. § 702. That being the case, Plaintiff could not maintain this suit as a suit for damages.

Plaintiff's Motion for Supplemental Relief, construed as a motion to amend under Rule 15(a), is **DENIED**, as the Court finds that amendment would be futile as to all of Plaintiff's claims. That being the case, Defendants' Motion to Dismiss for Mootness is **GRANTED** because there are no remaining claims to constitute a live case or controversy.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, (Doc. No. 11), and **DENIES** Plaintiff's Motion for Supplemental Relief and Retention of Jurisdiction. (Doc. No. 10).

It is so ordered.

Signed on this the 13th day of November 2026.

Andrew S. Hanen
United States District Judge